**May 30, 2013**

Gula v. Kohl's Department Stores, Inc., No. 3:12CV1718 (RNC)

**Order Re: Motion to Dismiss (Doc. 17)**

In the absence of a response from the plaintiff, the defendant's motion to dismiss pursuant to Rule 12(b)(6) is hereby granted for substantially the reasons stated in the memorandum accompanying the motion.

If the pro se plaintiff believes he can cure the pleading deficiencies identified in the motion to dismiss, he may file an amended complaint. To be timely, the amended complaint must be filed on or before June 21, 2013. If an amended complaint is not filed in accordance with this order, this action will be dismissed with prejudice.

To state a plausible claim for relief, the plaintiff must include "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The plaintiff appears to be claiming that the defendant discriminated against him on the basis of his age and physical disability and terminated him in retaliation for opposing such impermissible discrimination. To prove a prima facie case of discrimination, a plaintiff must demonstrate that (1) he belonged to a protected class; (2) he was qualified for his position; (3) he suffered from an adverse employment action; and (4) the adverse action occurred under circumstances giving rise to an inference of discrimination. See Feingold v. State of N.Y., 366 F.3d 138, 152 (2d Cir. 2004). To establish a prima facie retaliation claim, a plaintiff must demonstrate that (1) he engaged in protected activity by opposing an employment practice made unlawful under the relevant statute; (2) the employer was aware of plaintiff's protected activity; (3) the employer took an adverse employment action against the plaintiff; and (4) there was a causal connection between the protected activity and the adverse employment action. See McMenemy v. City of Rochester, 241 F.3d 279, 282-83 (2d Cir. 2001). Although the plaintiff is not required to plead each element of a prima facie case of discrimination or retaliation, to survive dismissal the amended complaint must include specific factual allegations that indicate discrimination or retaliation and thus present plausible

claims.  See Boykin v. KeyCorp, 521 F.3d 202, 216 (2d Cir. 2008).

The amended complaint should also state whether the plaintiff filed a timely complaint with the Equal Employment Opportunity Commission and obtained a right-to-sue letter regarding his federal claims, see Legnani v. Alitalia Linee Aeree Italiane, S.P.A, 274 F.3d 683, 686 (2d Cir. 2001), as well as whether the plaintiff has received a release from the Connecticut Commission on Human Rights and Opportunities regarding his state law claims.  See Pleau v. Centrix, Inc., 501 F. Supp. 2d 321, 328 (D. Conn. 2007).

Rules and Forms useful to pro se litigants, including an Employment Discrimination Complaint Form, may be found on the Court's website, available at http://ctd.uscourts.gov/rules-and-forms.

So ordered.

           /s/RNC
         Robert N. Chatigny, U.S.D.J.